842 F.2d 332
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
DAILY HEATING AND AIR CONDITIONING, INC., Respondent.
 No. 87-5895.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1988.
 
 1
 Before ENGEL, MERRITT and KRUPANSKY Circuit Judges.
 
 ORDER
 
 2
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Daily Heating & Air Conditioning, Inc., Lansing, Michigan, its officers, agents, successors, and assigns, enforcing its order dated 27 April 1987, in Case No. 7-CA-26393. This Court directed the parties to show cause why the application for summary entry of judgment should not be granted. The parties have responded to the show cause order and we conclude that the application for enforcement is properly granted, notwithstanding the respondent's asserted compliance with the Board's order of April 27, 1987. See e.g. NLRB v. Mexia Textile Mills, Inc., 339 U.S. 563 (1950); NLRB v. Edgar Spring, Inc., 800 F.2d 595 (6th Cir.1986). Therefore, it is hereby
 
 
 3
 ORDERED AND ADJUDGED by the Court that the Respondent, Daily Heating & Air Conditioning, Inc., Lansing, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 4
 (a) Failing and refusing to recognize and bargain with Plumbers and Pipefitters Local Union No. 190, of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada (the Union), by repudiating the collective-bargaining agreement effective from 1 June 1985 through 31 May 1988.
 
 
 5
 (b) Unilaterally, and without prior notice to the Union, and without affording the Union the opportunity to negotiate concerning the decisions, modifying the collective-bargaining agreement by failing to file contractually required fringe benefit reports, to make fringe benefit payments on behalf of employees in the unit, and to pay the wage rates set forth in the collective-bargaining agreement.
 
 
 6
 (c) In any other manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 7
 2. Take the following affirmative action necessary to effectuate the policies of the Act:
 
 
 8
 (a) Recognize and, on request, bargain with the Union as the exclusive representatives of its employees in the following unit appropriate for collective bargaining and abide by the terms of the collective-bargaining agreement with the Union:
 
 
 9
 All full-time and regular part-time journeymen and apprentice plumbing, heating, refrigeration, and piping employees employed by the Respondent at jobsites located within the territorial jurisdiction of the Union; but excluding all guards and supervisors within the meaning of the Act.
 
 
 10
 (b) File the contractually required fringe benefit reports for the periods from 10 August 1986 and thereafter, in accordance with the terms of the collective-bargaining agreement.
 
 
 11
 (c) Make whole the employees who have incurred losses of wages and benefits because of the Respondent's failure to abide by the terms and conditions of the collective-bargaining agreement with the Union as set forth in the remedy section of the Board's decision.
 
 
 12
 (d) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 13
 (e) Post at its facility in Lansing, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days, in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 14
 (f) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps the Respondent has taken to comply.